# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHELLE AHEE,

    Plaintiff,

v.                                  Case No. 07-CV-12071

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                     /

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION

On July 22, 2008, Magistrate Judge Mona Majzoub issued a report and recommendation ("R&R") in the above-captioned matter, recommending that the court grant Defendant Commissioner of Social Security's motion for summary judgment and deny Plaintiff Michelle Ahee's motion for summary judgment. On August 15, 2008, Plaintiff filed objections to the R&R, and Defendant filed its response on August 29, 2008. For the reasons stated below, the court will overrule Plaintiff's objections, adopt the report and recommendation, grant Defendant's motion and deny Plaintiff's motion.

## I. STANDARD

### A. Substantial Evidence Standard

Pursuant to 42 U.S.C. § 405(g), the Commissioner's findings of fact are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). "The decision of an ALJ is reviewed to determine whether it is supported by

substantial evidence and consistent with applicable law." *Pittsburgh & Conneaut Dock Co., v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 258 (6th Cir. 2007). This judicial review is limited to the record and evidence that was before the ALJ. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co.*, 473 F.3d at 259 (citation omitted), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

### B. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation

2

should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Furthermore, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

Plaintiff raises three principal objections to the report and recommendation. First, Plaintiff claims the magistrate judge incorrectly accepted "the administrative law judge's findings regarding Plaintiff's credibility." (Pl.'s Obj. at 2.) Next, Plaintiff contends the ALJ and the magistrate judge improperly ignored the opinions of Plaintiff's treating doctors. (*Id.* at 9.) Finally, Plaintiff argues the ALJ incorrectly formulated the hypothetical question presented to the vocational expert, resulting in a misclassification of Plaintiff's residual functional capacity. (*Id.*)

3

## A. Credibility Assessment

Plaintiff's first objection relates to her subjective complaints of pain, which the ALJ found, and the magistrate judge agreed, were "not fully credible." (ALJ's Decision, A.R. at 30; R&R at 16.) Plaintiff argues the ALJ did not "analyze any of her activities of daily living." (Pl.'s Obj. at 7.) While Plaintiff admits the ALJ need not "address 'every statement' made by the claimant relative to her activities of daily living" (*id.*), Plaintiff argues the ALJ "failed to provide specific reasons for his credibility finding," which is "insufficient to constitute substantial evidence" (*id.* at 9).

As an initial matter, the court finds the magistrate judge applied the correct standard in reviewing the ALJ's decision. As the magistrate judge explained, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." (R&R at 13, quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).) And while significant deference is due, the magistrate judge noted "such a determination must nevertheless be supported by substantial evidence" (R&R at 13), which includes "specific reasons . . . supported by the evidence in the case record . . . " *Davis v. Comm'r of Soc. Sec.*, No. 07-12744-BC, 2008 WL 3840308, *12 (E.D. Mich. Aug. 15, 2008); (*id.*).

In applying these standards to the ALJ's decision, the magistrate judge noted that the ALJ must consider both objective and subjective evidence of pain in making a credibility determination. (R&R at 14.) While the objective determination is verified by medical evidence in the record, *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994), the subjective portion requires the ALJ to consider:

4

> (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain.

20 C.F.R. § 404.1529(c)(3); *Felisky*, 35 F.3d at 1039; (R&R at 14.)

Importantly, while the ALJ should consider these factors, he is not required to significantly analyze any of them. *See, e.g.*, *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989); *Welch v. Comm'r of Soc. Sec.*, 2003 WL 22258196, *5 (E.D. Mich. 2003) ("The ALJ did not deal in depth with each of these factors; however, he is not required to do so."); (R&R at 15.)

Plaintiff contends that the ALJ "did not actually do any type of analysis of the factors" (Pl.'s Obj. at 6), and therefore the magistrate judge erred in adopting the ALJ's reasoning. But, as the magistrate judge's discussion reveals, the ALJ did perform analysis under the seven factors, and did not just offer the type of "single, conclusory statement" that Plaintiff warns against. (*Id.* at 7, quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).) For example, as to the first factor, the magistrate judge noted, "the ALJ pointed out that Plaintiff was able to engage in substantial gainful activity for more than six months . . . and lives on her own." (R&R at 14-15.) As to the fifth factor, the magistrate judge stated, "[t]he ALJ also pointed out . . . [Plaintiff's] foot pain was treated with orthotic inserts and in June 2002 she reported that the pain was decreasing and the orthotics were 'working nicely.'" (R&R at 15.) The magistrate judge went on to say "[i]n March 2003 Plaintiff presented with back pain and Dr. Jeffries noted that Plaintiff had 'been trying to treat this herself with some benefit.'" (*Id.*) Based both on the ALJ's report and the accompanying analysis by the magistrate judge, it is clear to

5

the court that the ALJ did not offer the type of "single, conclusory statement" Plaintiff contends. Instead, the ALJ appears to have sufficiently considered the subjective factors in making a credibility determination on Plaintiff's statements of pain. *Anderson*, 868 F.2d at 924. In light of the "great weight and deference" paid to the ALJ's credibility assessment, *Walters*, 127 F.3d at 531, the court agrees with the magistrate judge's finding that the "ALJ's credibility determination is supported by substantial evidence in the record." (R&R at 16.)

### B. Treating Physician and Psychiatrist Deference

Plaintiff next contends that both the ALJ and the magistrate judge erred by "inappropriately ignor[ing] the opinions of Ms. Ahee's treating physicians, as well as the opinion of plaintiff's treating psychiatrist" (Pl.'s Obj. at 9.) Specifically, Plaintiff argues that forms completed by her treating physician and psychiatrist, attesting to Plaintiff's medical condition and inability to perform any work, should have been given more weight in determining Plaintiff's residual functional capacity. (*Id.*)

Although the opinions of treating physicians are entitled to substantial weight, *Walters*, 127 F.3d at 529-30, the opinion must be based on sufficient medical data, and the ALJ may reject an opinion when not supported by objective medical evidence, *Young v. Sec'y of Health & Human Servs.,* 925 F.2d 146, 151 (6th Cir. 1990) (citing *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)).

Plaintiff starts with her physician, and points to two forms completed by Dr. Schiappacasse on August 4, 2003 and December 6, 2003. (Pl.'s Objs. at 9.) The identical forms allow the treating physician to check boxes next to typical symptoms of Chronic Fatigue Syndrome. (A.R. 165-67; 174-76.) Dr. Schiappacasse has checked

6

the identical boxes and made an identical explanatory comment on both forms. (*Id.*) Plaintiff argues that because Dr. Schiappacasse treated her for over one year (Pl.'s Objs. at 9), his checkmarks should have been given greater weight (*id.* at 9-10). But notably absent from the record are any clinical or laboratory findings to support Dr. Schiappacasse's checking of boxes. Indeed, the record evidence tells a different story, as the ALJ noted, "Dr. Schiappacasse's treating notes also indicate that Claimant presented frequently with complaints . . . but on each occasion, the physical and mental findings were essentially normal, in contrast to what Dr. Schiappacasse checked off on the forms." (ALJ's Decision, A.R. at 28.) The ALJ has discretion to reject a medical opinion, here a form, when the opinion is not supported by objective medical evidence. *Young*, 925 F.2d at 151 (citing *Harris*, 756 F.2d at 435.) The court agrees with the magistrate judge that the ALJ "properly set forth his reasons for declining to assign these . . . forms controlling weight." (R&R at 18.)

Plaintiff also offers a form completed by her psychiatrist, Dr. Hanson, on June 23, 2005. Plaintiff argues that the ALJ improperly discredited the Dr. Hanson's conclusion on the form that "[Plaintiff] cannot work gainfully." (Pl.'s Obj. at 11; A.R. 203.) But again, Dr. Hanson's markings on the form do not match her own contemporaneous clinical reports. As one example, a question on the form asks about Plaintiff's difficulties in maintaining concentration, persistence, or pace, to which Dr. Hanson circled "Marked." (A.R. 202.) Just three months prior, however, Dr. Hanson reported Plaintiff's thought process as coherent and her memory as good. (A.R. 212.) Further, as the ALJ noted, the findings reported by Dr. Hanson on the June 23, 2005 form are unsupported by other records, such as from emergency room treatments or hospitalizations. (ALJ's

7

Decision, A.R. at 27.) The ALJ is not required to rely on opinions unsupported by medical evidence, *Young*, 925 F.2d at 151, and thus the magistrate judge did not err in finding "[t]he ALJ gave good reasons for discounting the weight to be given Dr. Hanson's June 23, 2005 forms." (R&R at 19.)

### C. Residual Functional Capacity Classification

Finally, Plaintiff asserts that the ALJ presented a faulty hypothetical question to the vocational expert, leading to an incorrect conclusion regarding Plaintiff's ability to complete unskilled light work. (Pl.'s Objs. at 13.) Specifically, Plaintiff claims the ALJ's hypothetical question did not analyze her ability to keep up with the pace of work, stay alert, and meet quotas, among other considerations. (*Id.* at 14.)

In formulating a hypothetical question, the ALJ is only required to incorporate those limitations which he finds credible. *Casey*, 987 F.2d at 1235. As discussed in the previous two sections, the ALJ, within his discretion, gave little credence to Plaintiff's own subjective evidence, and largely discredited the forms completed by Drs. Schiappacasse and Hanson. As such, the ALJ excluded this evidence in formulating his hypothetical question, which was later presented to the vocational expert.

Plaintiff argues that a different hypothetical question prompted the vocational expert to conclude Plaintiff could not perform any work. (Pl.'s Objs. at 14.) But in doing so, Plaintiff reads the vocational experts answer out of context from the original question. As the hearing transcript demonstrates, the vocational expert only reached the "no work" conclusion after the ALJ asked him to consider all of Plaintiff's testimony as credible. (A.R. 246.) The ALJ's decision makes clear that this hypothetical was unnecessary after determining Plaintiff's testimony was not credible. (ALJ's Decision,

8

A.R. at 31-32.) The ALJ's decision, as analyzed in the magistrate judge's report and recommendation, is supported by substantial evidence and his decision to deny benefits is within the range of discretion allowed by law. Plaintiff has not presented the court with a convincing argument to disregard either the ALJ's or the magistrate judge's findings.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 29] are OVERRULED and the magistrate judge's July 22, 2008 report and recommendation [Dkt. # 25] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.\

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 23] is GRANTED and Plaintiff's motion for summary judgment [Dkt. # 18] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 22, 2008, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522